NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CALVIN MILLER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 07-184-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. GRONDOLSKY, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\***

Calvin Miller, who is confined in the Federal Correctional Institution-Manchester ("F.C.I.-Manchester"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee for a habeas proceeding. The matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Dockets.Justia.com

For the reasons discussed below, the petition will be denied.

## CLAIMS AND FACTUAL ALLEGATIONS

The Petitioner claims that he was deprived of 41 days of good conduct time in prison disciplinary proceedings in violation of his federally-protected rights. In support of this claim, the Petitioner has submitted a partially-completed petition form, a memorandum of law, and attached documentary exhibits. The following is a summary of the information presented from these sources.

Miller is serving a 120-month sentence which was handed down in the United States District Court for the Southern District of Indiana, Case No. 00-CR-093-002, on June 10, 2002. On March 14, 2003, he was transferred from an unidentified prison to the federal camp facility at F.C.I.-Manchester. On February 13, 2005, an incident occurred which led to the loss of his good conduct time ("GCT") and the instant habeas proceeding.

The Petitioner states that on February 13, 2005, when smoking was permitted if the prisoners used matches, he "was caught with [an impermissible] butane lighter." He alleges that nine days later, he was told that an incident report had been written charging him with "possession of an explosive," a Code 104 offense, which the Court notes is an offense in a category of greatest severity offenses and which carry the most severe penalties.[1]

---

[1] The various levels of Bureau of Prisons ("BOP") offenses are listed in 28 C.F.R. §541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos. 100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the third level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

However, the Petitioner's allegations do not match the attached exhibits. According to the incident report for incident number 1314358, Miller was found with the cigarette lighter on a different date (the night of February 21, 2005) while being searched in his cell. The next day, the reporting correctional officer wrote and the Petitioner received a copy of the incident report. The report is dated February 22, 2005, and charges Miller with "possession, manufacture, or introduction of a hazardous tool" (not possession of explosives), a different highest category offense, Code 108.

The incident report also reveals that the Petitioner admitted the charge before his Unit Disciplinary Committee. On February 25, 2005, that Committee referred the matter to a Disciplinary Hearing Officer ("DHO") with the following recommendations:

> The UDC recommends that this Report be dropped to Code 305, possession of contraband. If found guilty the UDC recommends loss of Commissary for 30 days or greater sanctions that the DHO finds appropriate.

Incident Report No. 1314358.

The Petitioner alleges that the DHO hearing was not held until 67 days after the UDC recommendation. At that time, he claims, it was held by an "alternate DHO," who erroneously found that he did not have the authority to reduce the charge; decided that Miller was guilty as charged; and sanctioned him with the loss of 41 days' GCT. Again, however, there is contradictory information in the Petitioner's corresponding exhibit.

The three-page DHO report (dated May 2, 2005) shows that Miller's hearing took place on March 25, 2005 (approximately one month rather than 67 days later). Additionally, it shows that he requested no witnesses or staff representatives, nor did he make any complaint about the

procedures. Rather, as he did before the Committee, the Petitioner made no defense but admitted to being guilty of the charge. However, he did state that this was his first infraction.[2]

Based on the correctional officer's written incident report relating the events of February 21st and the Petitioner's verbal admission, the DHO found Miller guilty of possession of a hazardous tool (Code 108). The DHO stressed the dangers presented in such possession and imposed two penalties on Miller: (i) the imposition of a 30-day stay in disciplinary segregation (although this was suspended pending 180 days' clear conduct), and (ii) the disallowance of 41 days of GCT. The Petitioner claims to have exhausted "the full round of administrative remedies" available to BOP inmates and he attaches the documents exchanged in this process, the Administrative Remedy number being 444481. The Court will address this issue below.

Miller argues that his due process rights were violated when the initial hearing on the charge was supposed to be held within three working days, but his was not held until eight days had passed – an assertion not supported by his exhibits. He also claims that he was arbitrarily charged with the Code 104 explosives charge so that he suffered the loss of more GCT than if he had a Code 305 conviction. Again, this assertion is contrary to the relevant documents which uniformly shows a dangerous tool (Code 108) charge and conviction, not an explosives charge or conviction (Code 104). Further, the Petitioner argues that the DHO misunderstood his authority with regard to lowering the charge; however, the report shows no such consideration.

---

[2] This truthfulness of assertion is also suspect, as two of his exhibits refer to three incidents which involved him and occurred elsewhere, prior to his arrival at the Manchester Prison Camp.

The DHO clearly found Miller guilty of the 100-level offense and set out a correspondingly severe sanction.

On May 24, 2007, the Petitioner filed this action for restoration of the 41 days' GCT.

## DISCUSSION

As noted above, the Petitioner has offered a version of events which is contrary to the facts contained in the documents he submits. Under such circumstances, the Sixth Circuit has affirmed a district court's dismissal when the prisoner failed to present any evidence contradicting what appeared in the record. *Garrett v. Smith*, 180 Appx. 379, 381 (3rd Cir. 2006) (not selected for publication in the Federal Reporter). What is clear and consistent on the face of the petition and all exhibits is that Miller did not fulfill a pre-condition to review of his claims by this Court.

Prisoners who seek relief under 28 U.S.C. §2241 are ordinarily required to exhaust administrative remedies before filing a habeas action in district court. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition) (a federal prisoner must first exhaust his available administrative remedies before filing a §2241 petition); *United States v. Oglesby*, 52 Fed. Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)). Exhaustion is a judicially created requirement for §2241 petitions. In *Colton v. Ashcroft*, 299 F.Supp.2d 681 (E.D.Ky. 2004), this Court noted the following with respect to exhausting judicially-created remedies:

> Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 (1997) (and not pursuant to PLRA provision § 1997e(a)) may the prisoner then seek § 2241 judicial review. *United States v. Oglesby*, 52 Fed.Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)). The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, is a wholly judicially created requirement. *See Wesley v. Lamanna*, 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir.2001).

*Id*. at 689. *See also Davis v. Keohane*, 835 F.2d 1147 (6th Cir. 1987); *Manakee Professional Medical Transfer Service, Inc. v. Shalala*, 71 F.3d 574 (6th Cir. 1995).

The administrative remedy provisions which federal prisoners must complete before filing a 28 U.S.C. §2241 petition are set forth in 28 C.F.R. §§542.10-16 (1997). The appeal of a discipline conviction is made to the Regional Office. §542.14. An inmate must submit an appeal (BP-10 form) to the appropriate regional director within 20 calendar days of the date that he was denied relief at the institution; and, if dissatisfied with the response of the Regional Director, then he may submit an appeal (BP-11) to the office of the BOP's General Counsel. §542.15.

According to Miller's petition, he completed all of these administrative remedy procedures. According to his exhibits, however, he completed all of these administrative remedy procedures, but in an untimely manner. After his May of 2005 conviction, the Petitioner waited more than 18 months and then simply wrote a letter about the unfairness of the conviction to the Warden (on December 11, 2006). The documentary attachments to this petition show that after

the Warden's response (dated January 4, 2007), Petitioner did appeal to the Regional Director and the BOP's National Office, both of which rejected the appeals as being untimely.

The exhaustion requirement is required to prevent premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review. *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). Here, the Petitioner's tardy use of the administrative remedies available to him thwart these goals. On the record which the Petitioner has presented, the Court finds that he did not properly exhaust his administrative remedies because, without a demonstrated excuse, he did not begin the appeal of his disciplinary conviction in a timely manner. Therefore, the BOP authorities could and did refuse to address the merits of his challenge and this Court may dismiss the case on this ground. As the Sixth Circuit has explained,

> [i]f a habeas corpus court were to allow a prisoner to simply wait until the time prescribed by the regulations for filing his appeal has expired and then file a petition for a writ of habeas corpus which a habeas corpus court would consider on its merits, the doctrine of exhaustion of administrative remedies would be circumvented.

*Marchesani v. United States Parole Commission*, 940 F.2d 661, 1991 WL 153131 at *2 (6th Cir. 1991) (unpublished).

In *Smaragdas v. DeRosa*, 2006 WL 477029 (D.N.J. 2006), the prisoner did not timely file his appeal within the 20-day requirement and the BOP relied on its untimeliness as the reason to deny relief. The district court held that such a "procedural default in pursuing administrative

remedies bars judicial review of a subsequent habeas corpus petition, absent the prisoner's demonstration of cause and prejudice for the default." *Id.* at *4. Likewise, this Court finds that the Petitioner in this case has failed to demonstrate cause for the procedural default. As a result, the Court will dismiss the current petition on this ground.

However, as in *Smaragdas*, even were exhaustion completed or excused, the Court would deny the petition as it does not merit relief. In short, the Petitioner's due process claims are frivolous. *See Amerson v. Samuels*, 2005 WL 1223427 (E.D.Ky. 2005) (not reported). Since the penalties challenged herein included the loss of good conduct time, the Petitioner was entitled to certain due process protections in the disciplinary proceedings. However, his own exhibits show that he received all the process to which he was due under *Wolff v. McDonnell,* 418 U.S. 539, 564-65 (1974). Further, there is "some evidence" of his guilt, as required by the holding in *Superintendent v. Hill*, 472 U.S. 445 (1985).

Nor does the Petitioner state an equal protection claim. A prisoner cannot "make out a violation of his equal protection rights simply by showing that other inmates were treated differently." *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 114 S. Ct. 127 (1993). He must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." *Id.* (citing *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988)). As this Petitioner has not made such a showing, no cognizable equal protection claim has been stated. *Id.* Therefore, his unsupported equal protection claim is dismissible as being conclusory. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971).

CONCLUSION

For the reasons discussed above, it is hereby **ORDERED** as follows:

(1)     Petitioner Calvin Miller's §2241 petition for writ of habeas corpus is **DENIED**.

(2)     This action is **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 7th day of June, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge